UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| THE CIT GROUP/CONSUMER FINANCE, | ) | |
| INC., As Assignee of Commonpoint Mortgage, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:06-CV-72 SEB-JMS |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DENYING SUMMARY JUDGMENT

Plaintiff, The CIT Group/Consumer Finance, Inc. ("CIT"), seeks summary judgment

against the United States in its suit for strict foreclosure and to quiet title.  The facts are

straightforward and not disputed, permitting a resolution of this case based on the application of

well-established principles of law and a federal statute.  With due regard to the controlling legal

standards for entry of summary judgment, which need not be recited here because they are

familiar and not contested, the Court hereby enters its ruling in this somewhat abbreviated

format to facilitate disposition of the case.

CIT entered into a purchase money mortgage transaction with Rodney A. Nevins,

who secured his note by executing a mortgage on real property located on Monon Drive in

Bloomington, Monroe County, Indiana.  The mortgage was recorded on April 3, 1997.  Later,

after Nevins defaulted, CIT brought a foreclosure action on February 3, 2004, in the Monroe

Circuit Court, which suit was thereafter amended to include a claim to quiet title.  A default

judgment was entered against Nevins and his wife on June 14, 2004, and the real estate was sold at a Sheriff's sale on March 18, 2005, at which CIT was the successful bidder.  The Sheriff's Deed issued that same date, March 18, 2005.

Unbeknownst to CIT until after the foreclosure action had been completed and the Sheriff's Deed issued, a Federal Tax Lien had been filed against Rodney and Belinda Nevins in the amount of $10,237.59, which was recorded on July 23, 1998, as Document No. 814042 in the Office of the Recorder of Monroe County, Indiana.  The tax lien, thus, was made of record after the mortgage had been recorded, but well before the foreclosure action was filed.  For reasons not explained to us, the Internal Revenue Service was not named in the foreclosure action filed by CIT; we assume it was by inadvertence.

CIT asserts in this action to quiet title that it is entitled to a judgment of strict foreclosure which would have the effect of cutting off the Federal Tax Lien.  Because this raises a federal question, the Government removed the action to federal court.

"Strict foreclosure" is defined in a recent Indiana Court of Appeals decision,  <u>ABN AMRO Mortg Group, Inc. V. American Residential Services</u>, 845 N.E.2d 209 (2006), as the means by which a party, who acquires title through or after a foreclosure sale (or by deed in lieu of foreclosure), may cut off the interests of any junior lienholders who, for some reason, were not parties to the foreclosure action.  Reaching back to an

1887 Supreme Court opinion, <u>Jefferson v. Coleman</u>, 110 Ind. 515, 517-18, 11 N.E. 465, 466-67, the ABN AMRO Court wrote:

> A strict foreclosure proceeds upon the theory that the mortgagee, or purchaser, has acquired the legal title, and obtained possession of the mortgaged estate, but that the right and equity of redemption, of some judgment creditor, junior mortgagee, or other person similarly situate, has not been cut off or barred.  In such a case, the legal title of the mortgagor having been acquired, the remedy by strict foreclosure is appropriate to cut off the equity and right of junior incumbrancers to redeem.

CIT argues that, as was true in <u>ABN AMRO</u>, it was not seeking to obtain title from a mortgagor when it filed this complaint for "strict foreclosure and to quiet title"; it already possessed legal title to the property and simply was attempting to cut off the interests of purported junior lienholders, such as the United States here, and that this fits within the definition of "strict foreclosure" under Indiana law.

An analogous way of analyzing these interests is pursuant to the doctrine of merger.  In <u>Brightwell v. United States</u>, 805 F. Supp. 1473-74, one of the judges of this court had occasion to discuss merger under Indiana law, writing that "(i)n Indiana, a mortgagee's acquisition of fee simple title to mortgaged property generally results in a merger of the mortgage with the title, thus extinguishing the mortgage lien.  Merger will not occur, however, and the lien will be preserved, where merger would harm the interests of the mortgagee. The key factor in deciding if merger has occurred is determining what the parties to the sale – primarily the mortgagee – intended.  If intent is not express, but circumstances indicate that preservation will 'benefit the mortgagee, the court will presume that no merger was intended.'"  (Citations omitted throughout.)     In a sense, what occurs in a merger between the mortgagor and mortgagee's interests when that latter acquires title to the property is the same as what occurs with a "strict

foreclosure."

Lifting language from a 10th Circuit opinion, the district court in Brightwell noted:

> By purchasing the property at the auction, the [mortgagee] intended to protect its lien, and perhaps junior lienholders, by preventing the property from being purchased at below market value.  It would be an absurd result to conclude that the [mortgagee] intended to destroy its own lien ... by taking action that arguably benefitted junior lienholders.  Absent evidence to the contrary, we therefore presume that the [mortgagee] intended to preserve its lien.

The facts in the case at bar are quite similar.  Here, the mortgagee (CIT) purchased the property at an auction after foreclosure of the Nevins's interests in order to protect its own lien. Thereafter, CIT discovered that the United States had recorded a tax lien on the property, which clearly was junior to CIT's mortgage lien.

In responding to CIT's motion, the United States is in essential agreement both with the facts underlying this dispute and with CIT's explication of applicable Indiana law, but cites in defense what it asserts is the governing statute, 26 U.S.C. § 7425(a), which when applied here allows the federal tax lien to survive extinguishment under "strict foreclosure"/"merger" procedures.  That federal statute provides as follows:

### § 7425.  Discharge of liens

**(a)   Judicial proceedings**. – If the United States is not joined as a party, a judgment in any civil action or suit ... or a judicial sale pursuant to such judgment, with respect to property on which the United States has or claims a lien ...  (1) shall be made subject to and

without disturbing the lien of the United States, if notice of such lien has been filed ... at the time such action or suit is commenced ... .

In the Government's brief, counsel has summarized its interpretation of this statute, stating that where "the United States is not joined as a party to a civil action or suit, any judicial

sale pursuant to that action shall be subject to any federal tax lien on file at the time such action

or suit is commenced."   The United States's argument continues, in paragraphs 5 - 7 of its brief,

as follows:

> Provided CIT continues to hold the real estate it purchased at
> the foreclosure sale, equity allows it to continue to assert its
> mortgage lien position against a junior creditor not named in
> the foreclosure action.  See Brightwell v. United States, 805
> F. Supp 1464, 1474 (S.D.Ind. 1992).

> If the property is resold to a third-party purchaser, however, that
> party would not be able to assert the mortgage lien position
> against the federal tax lien.

> If CIT continues to hold legal title to the real estate, it is
> possible that strict foreclosure may apply to the United States,
> only provided that the property is subjected to a judicial
> foreclosure sale in the present case.

The final paragraph of the Government's argument is admittedly somewhat confusing, a

criticism leveled by CIT as well in its Reply brief, noting that, besides the fact that no authority

is cited in support of the proposition, "the mere statement of that contention betrays a

misunderstanding of the essential nature and process of strict foreclosure."  The subject real

estate was obviously already sold at the judicial foreclosure sale, CIT notes, the effect of which

returned legal title to the property to itself as mortgagee after the Nevins's interest was

extinguished.  Therefore, the government's lien as a junior creditor to CIT is also extinguished,

argues CIT.  Citing again the holding in Brightwell v. United States, CIT maintains that, because

its interest in the property is prior in time and superior to any interest created by the tax lien and

that it is entitled to a judgment of strict foreclosure, the federal tax lien on the subject real estate

should be declared or deemed extinguished.

The difficulty CIT faces with its argument is that the federal statute does not include

5

exceptions for strict foreclosure.  It provides, plainly in our view, that since the government lien had been recorded at the time of the foreclosure action and resultant Sheriff's Sale, its lien survives and continues to encumber title to the property, no matter who holds that title, until it is satisfied.  But for the fact that, by federal statute, primacy is given to the federal tax lien, we believe strict foreclosure likely would be available to a mortgagee so as to extinguish any other junior lienholders' interests.

Thus, we agree with the Government's analysis of the controlling statute and its application here but clarify that analysis as follows:  Provided CIT continues to hold title to the real estate it acquired by Sheriffs Deed at the foreclosure sale, equity allows it to assert its mortgage lien position as against the United States even though the United States was not named in the foreclosure action.  If title to the property is thereafter conveyed to a third-party purchaser, however, that purchaser would no longer be able to assert CIT's mortgage lien priority so as to extinguish the federal tax lien.  So long as CIT continues to hold legal title to the real estate, the United States's lien remains in effect, but inchoate – dormant, as it were -- because it is uncollectible against CIT.  Should the property be sold by CIT to a third party, the government is entitled to execute on its lien and be paid, presumably from the proceeds of the sale.

CIT's motion for summary judgment, accordingly, is DENIED.  There being no other issues requiring resolution in this cause, the parties are ordered to show cause within thirty (30) days from the date of this entry why final judgment should not enter in favor of the United States and CIT's claims be dismissed, despite the fact that the Government did not cross move for summary judgment.

IT IS SO ORDERED.

Date:     03/14/2007

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov

7

Erin Reilly Lewis
UNITED STATES ATTORNEY'S OFFICE
erin.lewis@usdoj.gov

Penny J. Meyers
300 Riverwalk Drive
Elkhart, IN 46516

Robert T. Sanders III
SANDERS PIANOWSKI LLP
rsanders@riverwalklaw.com